{¶ 26} I concur in judgment only with respect to the case identified in the trial court as 05 CR 000411. I am compelled to write separately, because the majority has engaged in a misreading of the Supreme Court of Ohio's decision in State v. Foster[3]
 {¶ 27} The majority attempts to give life to the "prior prison term" exception in order to allow the trial court to impose a more-than-the-minimum sentence at resentencing.
 {¶ 28} However, in the Foster decision, the Supreme Court of Ohio clearly stated that R.C. 2929.14(B) is to be severed from the Ohio sentencing statutes. In its decision, that court stated:
 {¶ 29} "The following sections, because they either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption, have no meaning now that judicial findings areunconstitutional: R.C. 2929.14(B)[.]"[4]
 {¶ 30} In spite of the Supreme Court of Ohio's holding in theFoster case, which declared that R.C. 2929.14(B) now has "no meaning," the majority does a "close reading" of the statute and concludes that the Supreme Court of Ohio must have been mistaken in its decision to sever subsection (B)(1) of R.C. 2929.14(B). The majority argues that, had that court given due consideration to the prior decisions of the United States Supreme Court in Apprendi,[5] Blakely,[6] andBooker,[7] it would have preserved subsection (B)(1) of R.C. 2929.14, allowing for imposition of a more-than-the-minimum sentence where the defendant has served a prior prison term. In effect, the majority asserts that the Supreme Court of Ohio was in error in holding that the finding that a defendant has served a prior prison term (R.C.2929.14(B)(1)) constituted judicial factfinding.
 {¶ 31} Not only does the majority opinion contradict the clear holding of the Supreme Court of Ohio in the Foster decision, but it second-guesses that court's analysis. That is, after the Foster
decision, presumptive minimum sentences no longer exist.[8] Pursuant to former R.C. 2929.14(B), such sentences resulted from judicial factfinding instead of from a jury verdict alone.[9] Nevertheless, the majority opinion asserts that the imposition of a more-than-the-minimum sentence on a defendant who has served a prior prison term does not result from judicial factfinding, but from judicial notice that a prior prison term has been served. Thus, according to the majority, "R.C.2929.14(B)(1) is capable of surviving post-Apprendi, post-Blakely,post-Booker and even post-Foster."
 {¶ 32} I am unable to join the majority in its assertion regarding R.C. 2929.14(B)(1) where the Supreme Court of Ohio has clearly stated otherwise.
[3] State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
[4] (Emphasis added.) Id. at ¶ 97. See, also, id. at paragraph two of the syllabus and ¶ 99.
[5] Apprendi v. New Jersey (2000), 530 U.S. 466.
[6] Blakely v. Washington (2004), 542 U.S. 296.
[7] United States v. Booker (2005), 543 U.S. 220.
[8] State v. Foster, supra, at ¶ 97 and ¶ 56-61 .
[9] Id. at ¶ 60-61.